# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

|  |  |
|---|---|
| In re:<br><br>KEVIN B. DEAN,<br><br>                    Debtor | Chapter 11<br>Case No. 20-20427 |
| KEVIN B. DEAN,<br><br>          v.          Plaintiff<br><br>EMILE CLAVET,<br><br>                    Defendant | Adv. Proc. No. 21-2002 |

## ORDER ESTABLISHING SCHEDULE WITH RESPECT TO SUMMARY JUDGMENT

The Court intends to consider, on its own initiative, issuing summary judgment in the

Defendant's favor under 11 U.S.C. § 523(a)(2), (4), and/or (6).  *See* Fed. R. Civ. P. 56(f)(3); *see*

*also* Fed. R. Bankr. P. 7056.  The material facts that do not appear to be in genuine dispute are (i)

the facts alleged in the Plaintiff's complaint and (ii) the existence and terms of the judgment

issued by the Maine Superior Court on January 8, 2020 in an action involving the Plaintiff and

the Defendant and the memorandum of decision affirming that judgment issued by the Maine

Supreme Judicial Court on October 13, 2020 (copies of which are attached to the proof of claim

filed by the Defendant in the Plaintiff's chapter 11 case).  Because that state court judgment was

issued after trial, the parties have already had an opportunity to engage in discovery with respect

to any facts germane to the nature of the debt (which is now undisputed by the Plaintiff).  *See*

Rendondo Const. Corp. v. Izquierdo, 746 F.3d 21, 29 (1st Cir. 2014) (providing that a trial court

"may order summary judgment on its own initiative only when discovery is sufficiently

advanced that the parties have enjoyed a reasonable opportunity to glean the material facts").

Here, where a determination is likely to hinge solely on the preclusive effect of the state court

judgment and the application of the Bankruptcy Code and binding caselaw interpreting the

Bankruptcy Code, no additional discovery is warranted.  *See* Sanchez v. Triple-S Mgmt., Corp.,

492 F.3d 1, 7 (1st Cir. 2007) (noting instance in which summary judgment was properly entered

sua sponte "before *any* discovery had taken place, where the decision was based on legal

conclusions independent of any potentially available evidence").

 The Plaintiff may submit a brief of no more than fourteen pages opposing summary

judgment on or before February 26, 2021.  Although it is difficult to conceive of additional facts

that would be material to the dischargeability of the Plaintiff's debt to the Defendant, the

Plaintiff may also submit a concise statement of additional material facts, if any, each supported

by a record citation as required by D. Me. Civ. R. 56(f), on or before February 26, 2021.  *See*

Izquierdo, 746 F.3d at 29 (explaining that "the court may enter summary judgment sua sponte

only if it first gives the targeted party appropriate notice and a chance to present its evidence on

the essential elements of the claim").  The Defendant may submit a brief of no more than

fourteen pages in support of summary judgment and a reply statement of material facts limited to

any additional facts submitted by the Plaintiff (which shall conform to the requirements of D.

Me. Civ. R. 56(d)) with such filings due on or before March 12, 2021.  Thereafter, the Court will

either schedule oral argument (if the Court determines that such argument would aid the

deliberative process) or take the matter under advisement and enter a summary judgment if

warranted based on the undisputed material facts and the applicable law.

Dated:  January 29, 2021

         Michael A. Fagone
         United States Bankruptcy Judge
         District of Maine